### Scott *vs.* Lieber and Geortner.

This was an action of covenant, tried at the Montgomery circuit, in November, 1827, before the Hon. Reuben Hyde Walworth, then one of the circuit judges.

The plaintiff declared that the defendants, by an indenture bearing date 11th August, 1823, *let* to the plaintiff their ful-

In a declaration, contracts must be set forth in the words in which they are made, or according to their legal effect; but where there are distinct parts of an agreement, in declaring for a breach of a particular part, it is not necessary to set forth other parts, which do not qualify or vary the part on which the action is brought; it is enough to set forth that part of the agreement for the nonperformance of which the action is brought.

NEW-YORK, ling mill and carding machine for the term of two and a half
May, 1829.
Scott
v.
Leiber.

ling mill and carding machine for the term of two and a half years, and covenanted thereby to finish a room from a part of the carding machine room in a manner suitable for a small family to live in, and furnish the same with a cooking stove, and to put the carding machine in good order for carding. The breaches assigned were, that the defendants had not finished the room, nor furnished the cooking stove, nor put the machine in order. The defendants pleaded *non est factum.* On the trial of the cause, the instrument declared on was produced; in it was contained a stipulation that if there should happen to be a deficiency of water, so that both a grist mill and the works let to the plaintiff should not have a sufficient supply to carry on their operations, the owners of the grist mill should have the preference in using the water. The defendants' counsel moved that the plaintiff be nonsuited for the variance between the instrument as declared on, and as produced on the trial, in omitting to set forth the stipulation as to the use of the water; which motion was denied. The plaintiff proved the omission of the defendants to finish a room and furnish a cooking stove, and to put the carding machine in repair, according to the terms of the contract; and the judge, in his charge to the jury, told them that the plaintiff was entitled to recover the value of the use of the room and cooking stove during the time he was deprived of it, and such damages for not repairing the machine as they should think proper to allow. The jury found for the plaintiff $160 damages. The verdict was moved to be set aside on the ground of variance, and for the mis-direction of the judge.

*D. Cady*, for defendant.

*M. T. Reynolds*, for plaintiff.

*By the Court*, MARCY, J. It is a general rule in declaring, that contracts must be set forth in the words in which they were made, or according to their *legal effect;* (1 *Chitty's Pl.* 299 ;) but where there are distinct parts of an agreement, in declaring for a breach of a particular part, it is not necessary to set forth other parts which do not qualify or vary the part on which the action is brought. (6 *East*, 567.) As the breach of the agreement declared on by the plaintiff in this case

had no relation whatever to the supply of water, it would have been entirely useless to have set forth that clause in the lease or instrument which secured to the defendants a preference in the use of the water in case there was not a sufficiency for both parties. The case of *Crawford* v. *Morrell,* (8 *Johns. R.* 253,) cited to support the position taken for the defendants, is clearly distinguishable from that now before the court. The contract declared on in that case, was to pay *one half* of the value of land taken for a highway, and the contract proved was a promise to pay for *the whole* of it. The plaintiff in the case now under consideration set forth all that part of the contract for the violation of which he had prosecuted the defendants ; and what he did set forth, is set forth according to its true legal effect.

It is alleged that the judge erred in that part of his charge that related to the small room. It is true that it was not explicitly stated, that when it should be finished and furnished, it should be for the use of the plaintiff ; but no one, on reading the agreement, can doubt but that such was the meaning of the parties. Why, in a contract with the plaintiff, do the defendants covenant to finish a room to be taken from that occupied by the carding machine let to the plaintiff, if it was not for the benefit of the plaintiff ? The judge's construction of this part of the agreement appears to be sound ; and if it was intended, when finished, for the use of the plaintiff, the judge was correct in instructing the jury to allow the plaintiff damages on account of it, for the period of time he was deprived of its use.

Motion for new trial denied.